(No. 27167.—

WILLIAM C. JEROME, Appellant, *vs.* 5019-21 QUINCY STREET BUILDING CORPORATION, Appellee.

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

JOHN L. DAVIDSON, JR., of Chicago, for appellant.

GEORGE M. TEARNEY, of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On January 14, 1941, plaintiff, William C. Jerome, an attorney at law, started a suit in the circuit court of Cook county to recover fees for legal services he claimed to have rendered defendant, 5019-21 Quincy Street Building Corporation. A summons was issued the same day the complaint was filed. It was in the form prescribed by Rule 4 of this court and notified the defendant to answer or otherwise make appearance on or before the first Monday in the month of February, 1941, provided that if service was not had at least twenty days prior to the first Monday in February then it should answer or appear on or before the third Monday of February. The sheriff of Cook county certified that service of the summons was made on defendant by leaving a copy "with Flora Cornell, (S'ecy) an agent of said corporation," on the first day of February, 1941. Defendant did not appear or file an answer to the complaint. On February 28 it was defaulted, and on March 3 plaintiff obtained a judgment against it for $3875. On April 29, 1941, defendant, by George M. Tearney, its attorney, filed a motion in which it admitted service of the summons on the first day of February, 1941, but alleged that "since service of summons was had on the first day of February, 1941, the defendant corporation was entitled to a minimum of twenty days' time within which to file Appearance and Answer herein, and because the third Monday in February was the 17th day of said month and 20 days from date of service of summons herein was

beyond the 17th day of February, 1941, indicated in the summons as the third Monday in the month, the defendant corporation by the rules of this Court was not required to file an Appearance and Answer herein until the first Monday in March, 1941." It was stated that an order of default was entered before the first Monday in March, 1941, and judgment was entered on March 3, 1941, "which was the return day because of the date of service of summons herein." It was further alleged "that the default herein was taken prematurely." The prayer was that the judgment be vacated and permission be granted to answer and join issue with the plaintiff on his claim. The prayer of the motion was allowed and an order entered vacating the judgment and ordering the defendant to plead or answer within five days from that date. The order vacating the judgment was final and appealable, (*Central Bond and Mortgage Co.* v. *Roeser,* 323 Ill. 90,) and plaintiff appealed from such order to the Appellate Court. That court affirmed the order vacating the judgment, and leave to appeal to this court was granted.

Defendant's motion questioned the order of default entered February 28 and the judgment order of March 3. The basis of the objection was that twenty days had not intervened between the date the summons was served, February 1, and the third Monday of February (February 17,) and that as a result it had until the next return day, which was the first Monday of March (March 3) within which to file an answer. The motion was not filed until more than thirty days after the judgment was entered and therefore any relief defendant might have obtained had it made application within thirty days under section 50 of the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, par. 174,) or paragraphs 82, 83 and 84 of the chapter of the statutes on Judgments and Decrees, (Ill. Rev. Stat. 1943, chap. 77, pars. 82, 83, 84,) was not available to it. Consequently the motion will have to be treated as having

been filed to obtain relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1943, chap. 110, par. 196.) It provides: "The writ of error coram nobis is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

It will be observed that the scope of inquiry on such a motion is limited to errors in fact, not appearing on the face of the record, committed in the proceeding, which errors in fact could have been inquired into by the common-law writ of error *coram nobis*. In illustrating the questions of fact that were subject to inquiry under such a motion, this court has in various cases referred to matters such as disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and where a defendant who was not negligent but was, through fraud, duress or excusable mistake, prevented from interposing a valid defense existing in the facts in the case. *Jacobson* v. *Ashkinaze,* 337 Ill. 141; *Marabia* v. *Mary Thompson Hospital,* 309 Ill. 147; *Chapman* v. *North American Life Ins. Co.* 292 Ill. 179.

The facts upon which the alleged error in this case was committed were a matter of record and before the court when the judgment was entered. The entering of the orders of default and judgment had the legal effect of a holding by the court that service had been obtained a sufficient length of time to meet the requirements of Rule 4 of this court and to authorize the entering of an order of default and judgment without further delay. By the motion, defendant asked the court to review its former ruling in this regard and to hold the orders of default and judgment were prematurely entered. The question thus pre-

sented involved a question of law which required a construction of Rule 4 and its application to the admitted facts. Such matters are not within the field of inquiry allowable under a motion filed under section 72 (par. 196) of the Civil Practice Act. The rule is well established that such a motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. *People* v. *Crooks,* 326 Ill. 266; *Village of Downers Grove* v. *Glos,* 316 Ill. 563; *Marabia* v. *Mary Thompson Hospital,* 309 Ill. 147.

In *Chapman* v. *North American Ins. Co.* 292 Ill. 179, in considering a similar question raised by a motion filed under section 89 of the Practice Act of 1907 (Smith-Hurd Ill. Rev. Stat. 1929, chap. 110, sec. 89, par. 89,) it was said: "The trial court can not review itself or its own judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the term of court has ended. At any time before the term has ended, the court may review its judgment as to matters of fact or matters of law decided by it and correct its judgment if erroneous." Also, see *Linehan* v. *Travelers Ins. Co.* 370 Ill. 157; *Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516.

The principles announced in the foregoing cases forbid consideration of the questions claimed to be within the scope of the motion. The construction of Rule 4, its application to the facts, and the propriety of entering the order of default and judgment, under the circumstances shown, are matters which can not be considered on a motion made under section 72.

For the reasons assigned, the judgments of the Appellate Court and the trial court are reversed and the cause is remanded to the circuit court with directions to overrule defendant's motion.

*Reversed and remanded, with directions.*