James C. Wilborn & Sons, Inc., a Corporation, Plaintiff-Appellant, v. William Vincent Heniff, et al., and Brandex Tilt-Sash, Inc., a Corporation, Defendants-Appellees.

Gen. No. 50,137.

First District, Third Division.

March 25, 1965.

Rehearing denied April 15, 1965.

Lewis W. Schlifkin and Soll J. Schnitz of Chicago, for appellant.

Mortimer, Ryan, McKay & Hoffman and Richard P. Szarmack, by J. Stirling Mortimore, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order quashing a writ of injunction previously issued. The principal question is whether an O. K. of an order, with the initials of the respective attorneys affixed, constitutes a consent order and may not thereafter be contested.

On April 21, 1964, the plaintiff filed a complaint setting forth that it had an exclusive manufacturing and assembling license from Tilt-Sash Corporation to make, use and sell windows of a type described, within certain territory in Illinois and Indiana; that the defendant Heniff, while an employee of the plaintiff company, obtained its customer list and other items and then, conspiring with certain other defendants who were also employees of the plaintiff, left the plaintiff company and undertook to sell units practically identical with those sold by plaintiff, using sales items imitating those used by the plaintiff and engaging in other activities designed to deceive prospective customers. The complaint prayed for a mandatory writ of injunction restraining the alleged unfair practices.

The matter was heard on April 24, 1964, and an order was entered as follows:

"This matter coming on to be heard on notice on a motion for a temporary injunction herein and the Court having read the Bill of Complaint,

sworn to, and having heard argument of counsel and being fully advised in the premises,

"It is Hereby Ordered, Adjudged and Decreed that a Writ of Injunction issue herein upon posting of a $5,000.00 surety bond.

O. K. O. K.
R.P.S. S.J.S."

Pursuant to that order an injunction writ was issued enjoining the defendants from

"utilizing and trading on manufacturing know how, customers' lists, catalog prices and other confidential information acquired by them . . . and . . . from making, selling and distributing window units of any kind and character of the kind now being sold, manufactured and distributed by the plaintiff. . . ."

and from using the name "Tilt-Sash" in literature and from engaging in other activities described at considerable length. None of the acts so enjoined were set forth in the injunction order nor did the order recite that the writ should follow the prayer of the complaint. The name of the judge appears on the writ in what probably is his handwriting, but it was deleted and the writ was then signed by the clerk of the court and was duly served on the defendants.

A bond in the sum of $5,000 was ordered by the court, but no time was fixed for the posting thereof. A motion to vacate the temporary injunction was filed on April 30, 1964. On the same date an answer was filed, which is not set forth in the abstract. It is lengthy and denies the material allegations of the complaint. It specifically charges that the Tilt-Sash Company (from which plaintiff derived its license to sell the product) did not have the right to grant an exclusive sub-license to the plaintiff. Also on the same

219

day the court denied the motion of defendants to dissolve the temporary injunction and referred the cause to a master in chancery, with directions that the report of the master be filed within sixty days. This order bears the same notation as the order hereinbefore mentioned, to-wit:

"O. K. O. K.
R.P.S. S.J.S."

On May 11, 1964, the defendants having filed a motion for change of venue, the cause was reassigned to Judge Walker Butler. On May 19, 1964, defendants again moved to strike and dismiss the complaint. On June 5, 1964, an amended complaint was filed. On June 9, 1964, an order was entered which recited that the matter was being heard upon the motion of defendants to strike and dismiss the complaint; that the court having read the pleadings and heard the argument, denied the motion to dismiss upon condition that the plaintiff immediately file amendments and supplements to its complaint in accordance with the direction of the court and that the injunction be *suspended* pending the hearing before the master to whom the case was referred, to be reinstated or modified upon the recommendations of the master being submitted to the court.

The master pursuant to the order of the court proceeded to hear the matter and made an interim report on June 11, 1964, recommending on the basis of the pleadings, evidence and arguments of counsel, that the order of April 24, 1964, granting the injunction, be vacated.

To the report of the master, the plaintiff filed objections in which it recited that the master erred in finding that the order of April 24, 1964, was insufficient to sustain the writ, in that "(a) The original order for injunction was a consent order; (b) The defendants

were present in court . . . were advised of the allegations of the complaint, consented to the injunction order and were served with the injunction writ . . . ; (c) That it is . . . immaterial . . . what technical inaccuracies of form there may have been in the order of the judge directing the injunction to issue; (d) A motion to vacate the order for injunction was previously denied . . . and (e) The present motion . . . is in effect, a review of the prior order. . . ."

On November 6, 1964, the court overruled the exceptions made by plaintiff to the interim report of the master and ordered that the writ of injunction theretofore issued on April 24, 1964, be quashed. The court further found that there was no just reason for delaying the enforcement (sic) of this appeal.

■ We will first consider the point made by plaintiff that the notation "O. K." on the order by defendants' lawyer, together with his initials noted thereon, ipso facto, makes the order in question a consent order and hence not subject to being set aside or amended on motion. There was some support for this position at one time, but all doubt about such approval being merely as to form, unless otherwise shown, has been set at rest by the decision in Sampson v. Village of Stickney, 24 Ill2d 134, 180 NE2d 457. This was on appeal from a decision of the Appellate Court which had held that by marking the decree "approved," the attorney had not only approved the form of the decree, but had acquiesced in the findings. The Supreme Court reversed and in passing upon the question said (p 139):

> "After a chancellor has announced his decision, he generally directs the party, in whose favor he has decided the cause, to prepare a draft decree. After the draft decree is prepared, it is generally submitted to the other party to determine whether it conforms with the announced decision of the

221

chancellor. If the other party is satisfied that the draft decree does conform to the announced decision he indicates his approval by marking the decree 'approved' or 'approved as to form' and signs it. The decree is then presented to the chancellor for his signature. 'Approval' by the losing party cannot ipso facto be construed as acquiescence in the substance of the decree."

What the court there said conforms to what we know to be the general practice in this jurisdiction and in fact we so construed the notation in question in People ex rel. Edelman v. Hunter, 350 Ill App 75, 111 NE2d 906, where we held that it was apparent from the circumstances under which the order was entered that the O. K. was intended as to form only. As the notation on the order does not ipso facto establish a consent order, we must next inquire if there is any showing that it was so intended. It is apparent that this was a bitter controversy. The temporary injunction does not preserve a status quo, but requires the defendants to discontinue the business complained of. It is incredible they would not contest the issuance of such an injunction. All the circumstances indicate that the consent was only as to form. Indeed, the plaintiff does not otherwise contend, but bases its position entirely on the "O. K."

 Plaintiff next argues that denial of defendants' motion to dissolve precluded any subsequent motion to dissolve the injunction and quash the writ. It has no authorities to support its proposition. It cites three cases, none of which appears to us to be in point. One, Spies v. Byers, 287 Ill 627, 122 NE 841, states that a motion to dissolve an injunction operates as a demurrer and, of course, this means that for the purpose of determining whether the complaint states a cause, matters of fact well pleaded are admitted. In the

222

second case, Municipal Employees Ins. Ass'n of Chicago v. Taylor, 300 Ill App 231, 20 NE2d 835, a motion to dismiss a bill of complaint was filed which the court denied. Subsequently, another motion to dismiss was filed, which the court considered and sustained. In its opinion the Appellate Court said the question involved was whether the Civil Practice Act limited the defendant as to the number of motions to dismiss which may be filed in a cause. The court held it was a matter of discretion for the trial court whether it should hear a second motion. This supports the position of the defendants in the instant case. In the third case, Mexican Asphalt Co. v. Mexican Asphalt Paving Co., 61 Ill App 354, the court appears to have held merely that after the issuance of an injunction and the denial of a motion to dissolve, the plaintiff could nevertheless appeal from the order granting the injunction.

■ Two other points made by the plaintiff in the case before us are that the original injunction order was valid, and that if it were not, the trial court erred in not entering a new injunction order or writ upon plaintiff's motion. This was entirely a matter of discretion with the trial court, and in our opinion, the court did not abuse that discretion, but acted wisely in referring the matter to a master in chancery to go into it more fully than had previously been done and to make a report with his recommendations.

■ It is argued that a previous motion to dissolve having been denied by the chancellor, this proceeding is merely a review of the prior order. Trial courts have the power to review orders made by them until final adjudication, except as otherwise provided by statute.

In view of our decision, it is not necessary to pass on the other points raised by the plaintiff.

A motion of the plaintiff to strike certain portions of the defendants' brief, which had been taken with the case, is denied. The order quashing the writ of injunction is affirmed.

Order affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.