Patricia Ann Harris (Nee Spencer) Plaintiff-Appellant, v. Billie F. Spencer, Defendant.
Patricia Ann Harris (Nee Spencer) Plaintiff-Appellant, v. Billie F. Spencer, Defendant.

Gen. Nos. 66–138, 67–15. (Consolidated.)

Fifth District.

August 4, 1967.

Wiseman, Hallett, Mosele, Shaikewitz and Struif, of Alton, for appellant.

Meyer & Meyer, of Belleville, for appellee.

MORAN, P. J.

These cases have been consolidated and involve appeals from judgments of the Circuit Court of Madison County denying the plaintiff-appellant's motion for a rehearing on an order that she deliver custody of her two minor children, born of her marriage with defendant-appellee, to him and finding her in contempt for refusing to comply with the order.

On March 14, 1962, the plaintiff was granted a divorce from the appellee and was given custody of their two minor children. Subsequently, on February 24, 1966, the appellee filed a complaint for Modification of the Decree, wherein he alleged that the appellant has become a person wholly unfit to have the custody of the children and prayed that the court modify the initial decree so that he be given custody of the children. On March 25, 1966, the trial judge entered a memorandum to the effect that: "The Court advised counsel that he would want an investigation as to the parties and the children. Counsel stipulated that any evidence received from the Probation Officer could be considered by the court as evidence." On May 27, 1966, the trial judge entered another memo-

randum to the effect that: "Modified decree of divorce to be agreed to by attorneys to be submitted to the Court. Cause continued for submission of the modified decree." Then, on June 20, 1966, the trial judge entered an order awarding custody of the children to the appellee, subject to specified rights in the appellant. The order recites in part that:

> (T) he court having referred this matter to the Probation Office in the County of Madison and State of Illinois for investigation and report, and said Probation Office having made a report to this court, and there being no further evidence offered by either of the parties hereto . . . the decree of divorce . . . should be changed and modified . . . .

The order was signed by the trial judge and "approved as to form" by attorneys for both parties.

Appellant subsequently obtained new counsel and, on July 19, 1966, filed a motion for rehearing which, as amended on August 22, 1966, alleged that (1) no evidence was heard by the court on the question whether the appellant was a fit and proper person to have custody of the children; (2) the only evidence produced was based upon the Probation Officer's report, which contained erroneous hearsay evidence; (3) the appellant was prepared to produce witnesses to the effect that she was a good mother for the children; (4) the Probation Officer now believes and has stated that the appellant is a fit and proper person; and (5) the appellant had been inadequately represented at the hearing.

After the filing of the Motion for Rehearing, but before the court had ruled on the motion, the appellee filed a petition on August 4, 1966, for an order to show cause why the appellant should not be held in contempt for refusing to comply with the order modifying the divorce decree to the effect that the appellee have custody of the chil-

dren. On August 19, 1966, this matter was heard by another judge who entered an order that:

> Respondent (appellant) is found to be in contempt for failure to obey the order as confessed regarding the facts. The Court finds it would serve no useful purpose at this time to punish the respondent for contempt. Respondent is allowed to purge herself of contempt by delivering up the children as ordered by (the court).

Then on August 22, 1966, still prior to the court's ruling on the appellant's Motion for Rehearing, after the appellant reiterated her refusal to comply with the modified decree, the other judge, noting that she had previously been adjudged in contempt, fined her the sum of $500. The appellant appeals from this final order.

Subsequently, on November 4, 1966, the trial judge entered an order denying appellant's motion for a rehearing. In part, the court stated that:

> On June 20, 1966, this court entered an *order by consent* of the attorney for the plaintiff and the attorney for the Defendant modifying the Decree of Divorce as to the custody of the minor children of said parties . . . . (T)he modified Decree was submitted to the Court *approved by counsel for both parties,* which the Court signed and entered on June 20, 1966, *as a Consent Decree* modifying the original Decree.
>
> That by reason of the fact that there was no evidence offered to show any change in conditions since said modified Decree was filed, this Court denies the Motion for Rehearing, which the court construed as a Motion to Vacate which was filed on July 19, 1966. (Emphasis added.)

The Appellant also appeals from this final order.

These cases raise two questions for our consideration: (1) whether the trial court erred in denying appellant's

Motion for Rehearing on the basis that the trial court which had granted the modified decree of divorce had based its decision on a Probation Officer's report; and (2) whether the modified decree entered by the trial court constituted a consent decree.

In Scott v. Cohn, 134 Ill App 195, involving the custody of a minor child after a divorce, counsel for both parties consented to the chancellor's investigation for the purpose of deciding whether the custody of a minor child should be transferred from the mother to the father. It appears that the judge determined the issues, not only by the evidence heard in open court, but by the investigation which he caused to be made. The court reversed the trial court's decree, holding, at 202, that:

> We can only determine the issues by the evidence produced in open court. If the chancellor might decide partly on an investigation made out of court, such as it is claimed was made in this cause, then he might decide wholly on such investigation, the only difference between the two cases being not in kind, but in degree. No agreement between counsel, such as is claimed to have been made, can bind the minor, whose interest is the main question to be considered.

Our Supreme Court affirmed Per Curiam, Cohn v. Scott, 231 Ill 556, 83 NE 191, reiterating that, "while a very large discretion must be permitted the chancellor hearing these cases, yet it must be a judicial discretion and subject to review on the evidence heard in open court."

In In re Rosmis, 26 Ill App2d 226, at 231, 167 NE2d 826, the court concluded by noting that:

> (T)he declared policy of the law in this state is that, exclusive of certain matters of which the court may properly take judicial notice, the deliberations of the trial judge must be limited to the record made before him in open court. In addition, the probation officer

or other person rendering a report to the court should be subjected to cross-examination.

See also, Callan v. Callan, 5 Ill App2d 480, 125 NE2d 854; Ledbetter v. Ledbetter, 25 Ill App2d 478, 167 NE2d 247. Finally, the court in Williams v. Williams, 8 Ill App2d 1, at 7, 130 NE2d 291 after reviewing numerous decisions, concluded that "the use of outside investigations and confidential reports contravenes the American ideal of due process of law. . . ."

The Appellee argues, however, that both counsel had "stipulated that any evidence received from the Probation Officer could be considered by the Court as evidence." This argument was raised and answered both in the Scott case and in the recent case of Walter v. Walter, 61 Ill App2d 476, 209 NE2d 691, wherein the court stated that:

> There is no doubt that counsel for the defendant not only failed to object to the procedure followed by the court, but actually consented to it, and, if the real party in interest were the defendant, the point would surely be deemed to have been waived. However, in cases of this kind, the real interest involved is that of the minor children.

The court then stated its reliance upon Scott v. Cohn, 134 Ill App 195, to the effect that no agreement between counsel can bind the minor.

■ It seems clear from the authorities cited that the trial judge who granted the modified decree erred in basing his decree upon the Probation Officer's report and that the appellant's motion for a rehearing should have been granted.

■ Concerning the second issue, the order of the trial court denying the appellant's Motion for a Rehearing refers to the initial modification order as a consent decree, agreed by counsel for both parties as to the terms of the

decree. In support of this finding, the appellee refers to the memorandum to the effect that "modified decree of divorce to be agreed to by attorneys to be submitted to the Court" and to the signature of both attorneys on the modified decree under the words "Approved as to Form."

We do not believe that the decree in this case constituted a consent decree. In Sampson v. Village of Stickney, 24 Ill2d 134, at 139–140, 180 NE2d 457, our Supreme Court stated:

> After a chancellor has announced his decision, he generally directs the party, in whose favor he has decided the cause, to prepare a draft decree. After a draft decree is prepared, it is generally submitted to the other party to determine whether it conforms with the announced decision of the chancellor. If the other party is satisfied that the draft decree does conform to the announced decision, he indicates his approval by marking the decree "approved" or "approved as to form" and signs it. The decree is then presented to the chancellor for his signature. "Approval by the losing party cannot ipso facto be construed as acquiescence in the substance of the decree."

Commenting on this decision, the court in James C. Wilborn & Sons, Inc. v. Heniff, 56 Ill App2d 217, 205 NE2d 771, after noting that there had been earlier support for the theory that a notation of "O. K." and the initials of each party's attorney made the order a consent order and hence not subject to being set aside or amended on motion, stated that "all doubt about such approval being merely as to form, unless otherwise shown, has been set at rest by the decision."

It does not appear from the record that the appellant has acquiesced in the modified decree of divorce awarding custody of the children to the appellee. In fact, the appellee has emphasized in his brief that the appellant

47

has refused to this day to abide by the modified decree. Therefore, since the decree was not a consent decree, it is subject to review and may be set aside or amended.

In view of this finding, the appellant's motion for a rehearing was proper and had the effect of staying execution of the modified decree until the trial court ruled upon the motion. Ill Rev Stats c 110, § 68.3 (b) ; Light v. Light, 12 Ill2d 502, at 513, 147 NE2d 34. Therefore, the appellant should not have been found in contempt and fined for her refusal to comply with the provisions of the modified decree at that stage of the proceedings.

For the foregoing reasons, the judgment in Cause No. 66–138 is reversed and the judgment in Cause No. 67–15 is reversed and remanded to the Circuit Court of Madison County for the purposes of taking testimony in open court and for the entry of an order based thereon.

Judgment in Cause No. 66–138 reversed and judgment in Cause No. 67–15 reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.