FIRST NATIONAL LEASING CORPORATION, Plaintiff, v. E.T.P. OF CHICAGO, INC., *et al.*, Defendants (James Ruzicka, Plaintiff and Third-Party Plaintiff and Counterdefendant-Appellee; Michael C. Phillips, Third-Party Defendant and Counterplaintiff-Appellant).

Second District   No. 2—86—1045

Opinion filed July 27, 1987.

Mark B. Weiland and William D. Lyman, both of Law Offices of William D. Lyman, of Oak Brook, for appellant.

Paul B. Brinkman, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

Michael C. Phillips, third-party defendant, counterplaintiff, and defendant, in the consolidated actions below appeals from orders which vacated a default judgment entered against James Ruzicka, defendant, third-party plaintiff, and counterdefendant.

On March 2, 1982, First National Leasing Corporation (First National), brought an action against E.T.P. of Chicago, Inc. (ETP), and its shareholders Phillips and Ruzicka, for money due under a lease of personal property. Judgment was subsequently entered in First National's favor against all the defendants.

On June 17, 1982, Ruzicka filed a third-party complaint against Phillips for indemnification in which he alleged that Phillips converted the leased property and sought indemnity. On January 6, 1983, Phillips filed an answer to Ruzicka's third-party complaint, denying

the conversion and the duty to indemnify, and pleading an affirmative defense. Phillips also filed a three-count counterclaim which sought an accounting between Phillips and Ruzicka and a dissolution of a partnership relationship between them; an exoneration of Phillips for debts incurred by Ruzicka during the partnership; and money damages for breach of contract. Included in Phillips' pleadings was a demand for jury trial.

On May 3, 1984, Ruzicka filed a separate lawsuit against Phillips for money allegedly due on a promissory note. On August 31, 1984, after Phillips filed his answer to the complaint, an order was entered consolidating this action with the action originally brought by First National.

In June and in September 1984, his then retained attorneys were given leave to withdraw as counsel for Ruzicka, and in September 1984, the law firm of Donovan & Roberts, P.C., appeared as his counsel. In February 1985, Ruzicka filed a reply to Phillips' affirmative defense and an answer to his counterclaim.

At a status hearing on June 10, 1985, the trial court ordered that the next status hearing would be held on July 29, 1985. On July 22, 1985, Donovan & Roberts, P.C., was allowed to withdraw as counsel for Ruzicka after giving him notice of its motion to withdraw. A copy of the trial court's order granting the withdrawal of counsel was also sent to Ruzicka.

At a status hearing on July 29, 1985, at which neither Ruzicka nor anyone on his behalf appeared, the trial court dismissed Ruzicka's third-party complaint and other complaint against Phillips, struck Ruzicka's response and answer to the third-party complaint and counterclaim of Phillips, and entered a default judgment in favor of Phillips on his counterclaim. Although there is no transcript of this proceeding in the record on appeal, the trial court's order provided for the dissolution of the business venture of Phillips and Ruzicka known as ETP; a money judgment against Ruzicka in favor of Phillips in the amount of $136,443.72 on Phillips' counterclaim; Ruzicka's satisfaction of certain creditors of business venture debts in accordance with Phillips' counterclaim; and for the payment of court costs by Ruzicka.

Ruzicka was served with a citation to discover assets in July 1986, and in August 1986, Ruzicka's new attorney, who is his counsel for this appeal, filed a motion to vacate the July 29, 1985, judgment.

On October 15, 1986, Ruzicka's counsel filed an amended motion to vacate judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) which alleged, *inter alia*, that Ruzicka did not have notice of the default judgment

rendered against him on Phillips' counterclaim until he received notice of the citation to discover assets, and that Ruzicka was not given the necessary time after the withdrawal of Donovan & Roberts, P.C., to file an appearance pursuant to Illinois Supreme Court Rule 13(c)(2) (87 Ill. 2d R. 13(c)(2)) and Rule 6.03 of the Rules of the Circuit Court of the Eighteenth Judicial Circuit. The motion also stated, "Although a Jury Demand was filed in this cause by MICHAEL C. PHILLIPS on January 6, 1983, it appears that this matter was not proved up before a Jury before entry of a Judgment Order in July, 1985." The motion further alleged that Ruzicka had a valid defense as reflected in his previously filed pleadings, and that during the time that judgment was rendered against him Ruzicka was engaged in divorce litigation.

On the same day as Ruzicka's amended petition to vacate judgment was filed, Phillips filed a motion to dismiss Ruzicka's petition to vacate the judgment, and the trial court heard argument of counsel regarding both motions. The same trial judge who had entered the default judgment on July 29, 1985, ordered that judgment vacated, stating:

> "In connection with this matter, the motion to vacate is granted on the basis of noncompliance with the local and State rules as relate to [sic] providing time with which to secure counsel.
>
> Any monetary loss that may have been incurred as a result of it—I do also find lack of diligence—I will consider it any petition which [Ruzicka's counsel] may present in that regard."

Subsequently, two motions by Phillips to reconsider the order vacating the July 29, 1985, default judgment were denied by the trial court and he appeals.

Phillips contends that the trial court erred in granting relief under section 2—1401 of the Code of Civil Procedure based upon noncompliance with Supreme Court Rule 13 and local Rule 6.03 relating to withdrawal of an attorney. We agree.

Ruzicka's motion to vacate the judgment and argument stated that he was entitled to relief under section 2—1401 of the Code of Civil Procedure because Supreme Court Rule 13(c)(5) and Rule 6.03 of the Rules of the Circuit Court of the Eighteenth Judicial Circuit gave him at least 21 days to file a supplemental appearance after his attorney withdrew and it was only 7 days later that the default judgment was entered against him. Phillips argues that these provisions constitute procedural rules of law which cannot be the basis for granting relief under section 2—1401.

■■ ■ It has long been held that a petition for relief from judg-

ment pursuant to section 2—1401 of the Code of Civil Procedure (formerly section 72 of the Civil Practice Act) is addressed to errors of fact, not errors of law. (*Jerome v. 5019-21 Quincy Street Building Corp.* (1944), 385 Ill. 524, 527-28, 53 N.E.2d 444; *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 857, 462 N.E.2d 629, *appeal denied* (1984), 101 Ill. 2d 563; *In re Charles S.* (1980), 83 Ill. App. 3d 515, 517-18, 404 N.E.2d 435, *appeal denied* (1980), 81 Ill. 2d 594.) Thus, the construction of a supreme court rule relating to timely service of summons was held to be a question of law not within the field of inquiry allowed by this section (*Jerome v. 5019-21 Quincy Street Building Corp.* (1944), 385 Ill. 524, 527-28, 53 N.E.2d 444; *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 857, 462 N.E.2d 629, *appeal denied* (1984), 101 Ill. 2d 563), and the violation of a local court rule requiring notice to the opposing party of assessment of damages was held to be an error of law which could not be corrected by this section (*McNulty v. White* (1928), 248 Ill. App. 572, 577-78). Similarly, we conclude that compliance with Supreme Court Rule 13 and Rule 6.03 of the Rules of the Circuit Court of the Eighteenth Judicial Circuit, insofar as they allow a period of time for a party to file a supplemental appearance after withdrawal of counsel, presents a procedural question of law which is not cognizable under section 2—1401 as a ground to vacate a judgment. These provisions are "purely procedural provisions designed to facilitate the forward progress of the action when withdrawal has been permitted." Ill. Ann. Stat., ch. 110A, par. 13, Historical and Practice Notes, at 32 (Smith-Hurd 1985).

In so holding, we note that the record in this cause establishes that Ruzicka was properly notified of the withdrawal of his counsel in accordance with Supreme Court Rule 13 and the local rule of the circuit court and that a litigant has the responsibility to follow the progress of his case (*Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 856, 462 N.E.2d 629, *appeal denied* (1984), 101 Ill. 2d 563); a litigant should not be permitted to shirk this responsibility by allowing a default judgment to be entered and then point to a procedural rule governing the time he or she is allowed to file a supplemental appearance after the withdrawal of his attorney to later cause the judgment to be vacated.

■ However, the judgment of the trial court may be affirmed on other grounds irrespective of whether its reasoning was correct. (*Carr v. Shirland Township* (1978), 66 Ill. App. 3d 1033, 1038, 384 N.E.2d 449, *appeal denied* (1979), 74 Ill. 2d 585.) We find controlling in this matter those cases which hold that a defendant is entitled to

notice of a plaintiff's intention to waive a jury demand. (*Selvaggio v. Kickert School Bus Line, Inc.* (1964), 46 Ill. App. 2d 398, 407-08, 197 N.E.2d 128; *Skivington v. Lehman* (1962), 36 Ill. App. 2d 479, 483, 184 N.E.2d 785; *Westmoreland v. West* (1958), 19 Ill. App. 2d 161, 164, 153 N.E.2d 275.) Here, Ruzicka contended that he was entitled to relief under section 2—1401 because he was not notified of Phillips' waiver of jury trial and thus lost his right to then demand trial by jury himself pursuant to section 2—1105(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1105(a)).

■ In *Selvaggio*, the court held that a defaulted defendant who had filed an answer to plaintiff's complaint was entitled to relief under section 72 of the Civil Practice Act because then section 64(1) of the Civil Practice Act (current version at Ill. Rev. Stat. 1985, ch. 110, par. 2—1105(a)) required that defendant receive notice of plaintiff's jury waiver. In this case, Ruzicka, as counterdefendant, was entitled to notice of Phillips' waiver of jury when the issue had been joined. We note that a different result under section 71 (current version at Ill. Rev. Stat. 1985, ch. 110, par. 2—1206) occurs when no answer has been filed by the defendant. *Washington v. Clayter* (1980), 91 Ill. App. 3d 489, 496-97, 414 N.E.2d 1085.

Accordingly, the judgment of the circuit court of Du Page County is affirmed on these grounds.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.