MOHAMED NUSRATH ALI, Plaintiff-Appellant, v. LISA K. JONES, n/k/a Lisa K. Koester, Defendant-Appellee.

Second District   No. 2—92—0139

Opinion filed January 22, 1993.

Kevin William Bloese, of Vescelus, Powell & Stock, of Wheaton, for appellant.

John R. Wienold and Michael C. O'Neill, both of Law Offices of John R. Wienold, Ltd., of Aurora, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Mohamed Nusrath Ali, appeals from the trial court's order of January 3, 1992, dismissing his complaint with prejudice. The complaint at law sought damages arising from the alleged negligence of the defendant, Lisa K. Jones, in the operation of her automobile in April 1984.

In dismissing the cause with prejudice on January 3, the court observed that the plaintiff answered not ready for trial and requested another continuance. In its order, the court made the following specific findings: (1) the plaintiff did not exercise due diligence in obtaining service of process and in going forward with his case; (2) the plaintiff had been given ample leave to obtain counsel and had received due notice of his right and ability to obtain counsel; and (3) alternatively, the plaintiff answered that he was not

ready for trial. The plaintiff contends that it was error for the trial court to dismiss the cause. We agree and reverse.

The record reveals the following chronology of pertinent events leading to the dismissal of the cause. The plaintiff voluntarily dismissed his original negligence complaint on December 15, 1988. Acting *pro se*, he refiled on December 8, 1989. On November 25, 1991, the court was advised of plaintiff's attorney's motion to withdraw as counsel. The cause was continued to December 23, 1991, for a hearing on the motion to withdraw and for setting on the January jury call; the court ordered the plaintiff to appear to avoid dismissal of the cause with prejudice and ordered counsel to give the plaintiff a copy of the order.

On November 27, 1991, counsel filed his notice and motion to withdraw, citing irreconcilable differences between himself and his client. On December 23, 1991, the cause was ordered continued to January 3 for trial by jury. By agreement of the plaintiff, his attorney was given leave to withdraw. Also on December 23, the defendant's motion to reconsider dismissal was set to be heard on January 3; the court's order stated that plaintiff "must have counsel by trial date if he desires to have counsel."

On January 3, 1992, defense counsel appeared and argued for dismissal of the cause, based on the plaintiff's lack of diligence. When the plaintiff, acting *pro se,* sought a continuance to obtain counsel, the defendant argued against the continuance, asserting that she was prejudiced by delay in the case. Counsel noted that the plaintiff's deposition showed that the plaintiff had no memory of the accident, that the plaintiff had not cooperated with his counsel, and that the plaintiff was now present without counsel even though he was given prior opportunities to obtain counsel.

Observing the vintage of the cause of action, the court called the case for trial and, in the alternative, ruled that it would be dismissed. The court declined to continue the cause. The plaintiff argued that he had visited a physician in September and was now asking for a final continuance. The court pointed out that motions must be in writing and notice given to the opposing party and that continuances are not granted when a cause has reached the trial stage unless a sufficient excuse is shown for the delay. The court also noted the December 23 withdrawal order, and the plaintiff acknowledged that he was present on December 23 but that he had not recently consulted an attorney.

The plaintiff stated that he was under the impression that because of his attorney's notice of withdrawal, he had 21 more days

to retain counsel or file a supplementary appearance. Over the defendant's objection, he also argued that he did not have the money to obtain counsel; he stated that he needed a continuance of at least three months to obtain a physician and an attorney and to prepare his case.

The court observed that the cause of action was by now nearly eight years old; that the plaintiff's case was no further advanced than it was in 1984; and that the plaintiff had been given every opportunity to pursue his cause of action. The cause had already been dismissed and reinstated and the present cause had been previously dismissed twice for want of prosecution. The court then entered its order dismissing the cause with prejudice and reciting its findings as stated earlier herein.

On appeal, the plaintiff challenges each of the court's three apparent bases for dismissing the complaint: (1) that the plaintiff was not reasonably diligent in obtaining service of process after the expiration of the applicable statute of limitations; (2) that in view of the delay in bringing the case to trial, the plaintiff was generally not diligent in the prosecution of his case; and (3) that although he had been apprised of his need to secure counsel, he did not do so and he answered not ready for trial. Because it is dispositive of the case, we begin with the plaintiff's argument that he was given inadequate time to obtain counsel between December 23 and January 3. That argument relies on the provisions of Supreme Court Rule 13(c) (134 Ill. 2d R. 13(c)).

■■ Rule 13(c) provides in pertinent part:

"(2) *Notice of Withdrawal.* An attorney may not withdraw his appearance for a party without leave of court and notice to all parties of record, and, unless another attorney is substituted, he must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw ***. Such notice shall advise said party that to insure notice of any action in said cause, *he should retain other counsel therein or file with the clerk of the court, within 21 days after entry of the order of withdrawal,* his supplementary appearance stating therein an address at which service *** may be had upon him.

(3) *** The motion [to withdraw] may be denied by the court if the granting of it would delay the trial of the case, or would otherwise be inequitable." (Emphasis added.) (134 Ill. 2d R. 13(c).)

The plaintiff's attorney's notice, served by certified mail on plaintiff on or about November 25, 1991, stated:

"YOU SHOULD RETAIN OTHER COUNSEL THEREIN OR FILE WITH THE CLERK OF THE COURT, WITHIN 21 DAYS AFTER THE ENTRY OF THE ORDER OF WITHDRAWAL, OR FILE YOUR SUPPLEMENTARY APPEARANCE STATING THEREIN AN ADDRESS AT WHICH SERVICE OF NOTICES OR OTHER PAPERS MAY BE HAD UPON YOU."

The plaintiff urges that the implicit meaning of Rule 13 is that nothing prejudicing a client's rights will occur within the 21 days following the allowance of an attorney's withdrawal. He challenges the court's ability here to take any substantive action during the 21-day period following the entry of a withdrawal order. Also, he asserts he was prejudiced by the court's January 3 order.

The plaintiff's reliance on Rule 13 rests primarily on *In re Marriage of Santa Cruz* (1989), 179 Ill. App. 3d 611, *In re J.M.* (1988), 170 Ill. App. 3d 552, *rev'd in part on other grounds sub nom. People v. R.G.* (1989), 131 Ill. 2d 328, and *Firkus v. Firkus* (1990), 200 Ill. App. 3d 982. With reference to Rule 13, the *Santa Cruz* court reversed the trial court's visitation order entered only two days after the client received notice of her attorney's intention to withdraw. (*Santa Cruz*, 179 Ill. App. 3d at 621-22.) In reversing the dispositional order in *J.M.*, the appellate court referred to the respondent's failure to receive Rule 13 notice when his attorney moved to withdraw and to the showing that the respondent did not waive his right to have counsel present at the dispositional hearing. (*J.M.*, 170 Ill. App. 3d at 568.) In *Firkus*, the appellate court observed that the concern of Rule 13 is for continued representation, full notice, and an opportunity for the client to contest withdrawal. *Firkus*, 200 Ill. App. 3d at 989.

According to the defendant, Rule 13 is concerned with notice, a matter that is not at issue in this case because the plaintiff was given timely notice of the motion to withdraw and of the court's grant of that motion. The defendant argues that *Santa Cruz* and *J.M.* are distinguishable because each focused on a client who failed to receive notice of his attorney's withdrawal motion. She also argues that nothing in *Firkus* indicates that Rule 13 is designed to prevent action in a case during the 21 days after entry of an attorney's withdrawal.

■ Here, the plaintiff was present at the hearing allowing his counsel's withdrawal, he had advance notice of counsel's motion to

withdraw, and he agreed to the withdrawal of his counsel. He also did not object to the court's December 23 order requiring that he must have counsel by the January 3 hearing date, if he wished to be represented by counsel. Nevertheless, we find that under the language and spirit of Rule 13, with its concern for continued representation (see *Firkus*, 200 Ill. App. 3d at 989), the court erroneously denied the plaintiff a continuance and proceeded, despite the plaintiff's lack of counsel at the January 3 hearing.

█ Courts possess the inherent power to dismiss actions for want of prosecution, and a determination that there has been a lack of diligent prosecution warranting dismissal rests within the sound discretion of the trial court; however, a dismissal for want of prosecution is error unless the party has been guilty of inexcusable delay in prosecuting the suit. (*In re Marriage of Hanlon* (1980), 83 Ill. App. 3d 629, 632.) The circumstances justifying the dismissal of an action are governed by the facts peculiar to each specific case. *Bender v. Schallerer* (1973), 9 Ill. App. 3d 951, 953.

In denying the plaintiff's extemporaneous request for a continuance and dismissing the cause with prejudice, the court found that the plaintiff was not diligent in going forward with his case. Implicit in the court's finding was that the plaintiff offered an insufficient excuse when he answered that he was not ready for trial. We find, however, that the plaintiff demonstrated a sufficiently grave reason or excuse to preclude a dismissal for want of prosecution and to require the court to grant the January 3 continuance. (See *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 995.) Although the overall facts in the record disclose a pattern of delay and a case that was close to eight years old, the December 23 withdrawal of the plaintiff's counsel significantly altered the scenario here.

When the case was called on January 3, the plaintiff fully explained that he had not secured new counsel in the brief period since former counsel withdrew on December 23. Despite any merit to the court's apparent conclusions that the plaintiff was not diligent in obtaining service or in prosecuting the case generally, given the 21-day transition period that Rule 13 contemplates for the continuation of representation, the trial court should have allowed the plaintiff's continuance. (See 134 Ill. 2d R. 13(c)(2); *Firkus*, 200 Ill. App. 3d at 989.) In the event that the court deemed that such a transition period would improperly delay trial in the case or otherwise be inequitable, it had the option to deny counsel's withdrawal. See 134 Ill. 2d R. 13(c)(3).

Based on the foregoing, we reverse the judgment of the circuit court of Kendall County and remand the cause for further proceedings.

Reversed and remanded.

UNVERZAGT, J., concurs.

JUSTICE DOYLE, dissenting:

I respectfully dissent. I do not agree with the majority's interpretation of Rule 13 as establishing a 21-day "transition period" during which all action by the trial court must be suspended regardless of the circumstances. The language of that rule appears to state that the purpose of filing a supplementary appearance or other document containing the client's address is for the client to receive notice of ongoing proceedings. The concern for the client's "continued representation" referred to in *Firkus* (200 Ill. App. 3d at 989) was intended to relate, I believe, to the requirement that the client be represented up to the order of withdrawal.

In the present case, plaintiff was present at the December 23 hearing at which his attorney was allowed to withdraw, he had 28 day's advance notice of it, he agreed to the withdrawal of his attorney, and he did not object to the court's order requiring his presence with counsel, if he desired representation, at the January 3 trial. I find nothing in the language of Rule 13 or in the decisions cited in the majority opinion indicating that the trial court should have been paralyzed in the conduct of its business on January 3.

Considering the history of delay attributable to plaintiff, I would defer to the trial court's exercise of discretion in denying plaintiff's motion for a continuance and dismissing this cause with prejudice. No sufficiently grave reason for granting a continuance on the day of trial is evident from the record. (See *Francone*, 79 Ill. App. 3d at 995.) By the time of the trial date nearly eight years had elapsed since plaintiff was injured. The cause had already been voluntarily dismissed and reinstated, and the present cause had been previously dismissed twice for want of prosecution. The trial judge noted that plaintiff's case was advanced no further than it was in 1984. Moreover, at the December 23 hearing plaintiff was directed by the trial court to retain counsel for the January 3 trial. It appears that plaintiff took no action whatsoever to comply with the court's direction but, instead, appeared *pro se* on the day of trial and requested three more months to obtain counsel, consult a physi-

851

cian and prepare his case for trial. Plaintiff's failure to demonstrate any minimal effort toward retaining counsel might have reasonably been regarded by the judge as one more chapter in a pattern of delay and indifference to the trial court's efforts to expedite a case that was close to eight years old. I cannot conclude that such delay would not have operated to the substantial prejudice of defendant in presenting her defense. See, *e.g.*, *Brown v. Drovers National Bank* (1977), 54 Ill. App. 3d 593, 594-95; *Elward v. Mancuso Chevrolet, Inc.* (1970), 122 Ill. App. 2d 421.

The majority opinion does not discuss an independent basis for the dismissal, *i.e.*, that plaintiff was not reasonably diligent in obtaining service of process after the expiration of the applicable statute of limitations. It is apparently the majority's view that the trial court erred by ruling on this issue without affording plaintiff another continuance to obtain counsel who might have argued against the motion. Again, I disagree and would not find an abuse of discretion in granting the motion to dismiss for want of diligent service of process.