*In re* MARRIAGE OF COLIN SCOTT MILLER, Petitioner-Appellee, and BECKY SUE MILLER, Respondent-Appellant.

Third District    No. 3—94—0293

Opinion filed June 22, 1995.

SLATER, J., specially concurring.

Perona Law Offices, of Peru (Vincent D. Brolley, of counsel), for appellant.

Anthony P. Corsentino and Susan K. Lucas, both of Peoria, for appellee.

JUDGE HOLDRIDGE delivered the opinion of the court:

Respondent, Becky Sue Miller, appeals from an order granting a dissolution of marriage and awarding custody of the parties' minor child to the petitioner, Colin Scott Miller. Respondent contends that the trial court erred in denying her request for a continuance after

granting her third attorney's motion to withdraw on the day before a scheduled two-day hearing on custody and remaining issues. We agree that the trial court erred in denying her motion for a continuance; however, for the reasons stated herein, we find the respondent waived this issue and we therefore affirm the ruling of the trial court.

The record shows that the petitioner filed a petition for dissolution of marriage on May 5, 1993. Respondent secured the services of an attorney and filed a response to the petition on May 24, 1993. In her response, respondent sought permanent custody of the child. An agreed order was entered on June 7, 1993, which vested temporary custody of the child with respondent and appointed a psychologist to conduct examinations of the parties and the child, as requested by the petitioner. On July 21, 1993, without contest, grounds for dissolution were established.

On September 23, 1993, respondent's attorney filed a motion to withdraw, and on September 30, 1993, a substitution of attorney was filed wherein new counsel entered his appearance for the respondent. On October 1, 1993, petitioner filed a petition for modification of temporary custody and a notice of hearing for November 10, 1993. A notice setting a hearing for all remaining issues on December 9 and 10, 1993, was also filed by the petitioner on October 1, 1993. On October 13, 1993, respondent's attorney filed her response to petitioner's petition to modify temporary custody. On November 1, 1993, respondent filed a motion seeking a psychological assessment of petitioner and the child by her expert. She asserted that the expert's report would be available for the hearing on remaining issues on December 9 and 10, 1993. The motion was granted.

On November 8, 1993, respondent's second attorney filed a motion for leave to withdraw as her attorney. The motion to withdraw alleged irreconcilable differences and the fact that the attorney had been discharged by respondent for failure to follow her instructions. On November 10, 1993, a hearing was held on petitioner's petition for modification of temporary custody and on respondent's attorney's motion to withdraw. Respondent informed the court that she was in the process of hiring new counsel and did not oppose her attorney's motion to withdraw. The petitioner's attorney indicated no objection to the motion to withdraw, provided the withdrawal did not cause the December 9 and 10 hearing on remaining issues to be delayed. The trial court then told respondent that the motion to withdraw would not be granted until a new attorney entered an appearance with the knowledge and understanding that the hearing on December 9 and 10 would not be postponed for any reason. The court ruled that it would not hear the motion on temporary custody as the hearing on

remaining issues, including permanent custody, would be held only a month from that date.

On November 17, 1993, respondent's third attorney appeared and stated that he would be ready for trial on December 9 and 10. The court then granted respondent's second attorney's motion to withdraw. However, on December 8, 1993, the day before the hearing on remaining issues, respondent's third attorney filed a verified motion entitled "Emergency Motion to Withdraw and to Continue Trial Setting," and set a hearing on the motion for that same day. In his motion, respondent's attorney alleged that despite his diligence in preparing for trial, he believed that the attorney-client relationship was not "viable" and that it was in the best interest of the respondent that he no longer represent her. He further stated that he did not wish to prejudice respondent's position with the court by stating in detail his reasons for withdrawing.

After lengthy discussions, in which the court appointed a bystanding attorney to act as respondent's guardian *ad litem* in discussions with her attorney, the trial court gave respondent an ultimatum: either keep her attorney of record for the hearing set to begin the next day, or be prepared to represent herself at that hearing. The court admonished respondent for being uncooperative and told her that she would not be allowed to waste two full days of the court's time. The court reiterated in no uncertain terms that the hearing the next day would take place. Faced with this choice, respondent decided to continue to be represented by her attorney. Respondent's attorney reiterated his motion to withdraw; however, the trial court stated that unless testimony to the contrary was presented it would assume that there was no reason to grant the motion to withdraw. The court suggested that everybody think it over for the night and return to court the next day at which time the attorney could either proceed with the trial or renew his motion to withdraw and present evidence on that motion.

The next morning, the attorney renewed his motion to withdraw, but stated that he could not present evidence in support of his motion without violating privilege. He again asked for a continuance, but indicated that he was ready for trial, if respondent did not agree to his withdrawal. The court then granted the motion to withdraw and set a hearing on petitioner's petition for temporary custody for 1:30 p.m. on the following day. The court instructed respondent to either get another attorney or be prepared to proceed on the matter *pro se*. Respondent objected to proceeding on any matters until she had an opportunity to find a new attorney, but the court dismissed her objections.

The next day, a new attorney, respondent's fourth, entered his appearance. When the matter was called, this attorney informed the court that he had been retained that morning and that his preparation for hearing consisted of a brief interview of the client and a very brief consultation with the previous attorney. Nevertheless, he indicated to the court that he was "ready" to proceed. He did not request a continuance nor did he object to proceeding on the matter of the petition for temporary custody.

The hearing was held and evidence was taken from the court-appointed psychological expert and from respondent's father. The expert opined that respondent suffered from a paranoid personality disorder and that therefore custody of the child should be given to the petitioner. The record indicates respondent's attorney conducted a brief cross-examination of this witness. The transcript of the father's testimony was not made part of the record on appeal. At the close of hearing, the court took the matter of petitioner's petition for modification of temporary custody under advisement.

On December 17, 1993, prior to the court's ruling on the petition for temporary custody, an agreed order was entered whereby the parties agreed that the evidence heard at the December 10 hearing on petitioner's petition for modification of temporary custody could be used by the court for deciding the matter of permanent custody without the need to recall those witnesses. The agreed order also set January 11, 12 and 14, 1994, as the hearing on all remaining issues. Hearings were held on those dates at which time respondent continued to be represented by her fourth attorney. During those hearings, respondent put on evidence to support her request for permanent custody, including the opinion of her own psychological expert.

On January 21, 1994, the court, relying primarily on the testimony and report of the court-appointed psychological expert, entered an order finding that the best interest of the child required permanent custody be awarded to the petitioner. On February 3, 1994, a judgment of dissolution was entered.

It is within the trial court's sound discretion to grant a request for a continuance, and its decision will not be disturbed absent a manifest abuse of that discretion. (*Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 1002.) The issue on appeal is whether the trial court abused its discretion in denying respondent's motion for a continuance to secure new counsel after granting her attorney's motion to withdraw. We believe the trial court abused its discretion in denying respondent's request for a continuance under those circumstances.

■ An attorney's motion to withdraw is governed by Supreme

Court Rule 13 (134 Ill. 2d R. 13). Rule 13(c) provides in pertinent part:

"(2) *Notice of Withdrawal.* An attorney may not withdraw his appearance for a party without leave of court and notice to all parties of record, and, unless another attorney is substituted, he must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw \*\*\*. Such notice shall advise said party that to insure notice of any action in said cause, *he should retain other counsel therein or file with the clerk of the court, within 21 days after entry of the order of withdrawal,* his supplementary appearance stating therein an address at which service \*\*\* may be had upon him.

(3) \*\*\* The motion [to withdraw] may be denied by the court if the granting of it would delay the trial of the case, or would otherwise be inequitable." (Emphasis added.) 134 Ill. 2d Rules 13(c)(2), (c)(3).

In *Ali v. Jones* (1993), 239 Ill. App. 3d 844, an order dismissing a petitioner's personal injury complaint with prejudice was reversed on appeal because the petitioner's attorney had withdrawn only 10 days prior to a hearing on respondent's motion to dismiss and the trial court had refused the petitioner's request for a continuance to obtain counsel. The appellate court held that granting the attorney's motion to withdraw without affording the party 21 days to obtain other counsel violated the language and spirit of Rule 13, and if the trial court did not want to delay the proceeding, the attorney's motion to withdraw should have been denied. *Ali*, 239 Ill. App. 3d at 849.

In the matter *sub judice*, the trial court granted the motion to withdraw on the very eve of trial, but denied respondent's motion to continue to seek new representation because to grant respondent's request for a continuance *would delay the trial of the case.* Respondent, as in *Ali*, was placed in the position of going forward on her case without the benefit of representation as a result of the trial court granting her attorney's motion to withdraw.

Likewise, in *In re Marriage of Santa Cruz* (1989), 179 Ill. App. 3d 611, a party received notice of her counsel's motion to withdraw with two day's notice. The trial court allowed the party's counsel to withdraw and immediately granted the other party's petition for visitation. The appellate court, in reversing the trial court's granting of the petition for visitation, cited Supreme Court Rule 13 as providing a 21-day period after withdrawal within which the party could secure counsel reasoning that to allow proceedings to go forward during the period would be against the wisdom of Rule 13. (See *Northern Trust Co. v. American National Bank & Trust Co.* (1994), 265 Ill. App. 3d 406.) Accordingly, the trial court was reversed in *Santa Cruz* for

reasons that the order modifying visitation was entered: (1) only two days after the withdrawing counsel's client received notice; (2) on the same day and at the same proceeding where counsel was allowed to withdraw; and (3) at a proceeding where the intervenor was absent and had no legal representation.

Although in the instant cause respondent was present at the hearing wherein her attorney's motion to withdraw was granted, we find this fact does not dictate a different result. The 21 days specified in Rule 13 refer to a period of time *after* the order of withdrawal is entered. Therefore, whether the party received notice and was present at the hearing on the petition to withdraw is not relevant to compliance with the 21-day transition period provided by Rule 13.

■ We find that the letter and spirit of Rule 13 require a 21-day transition period and that nothing prejudicing a client's rights should occur within the 21 days following the allowance of an attorney's withdrawal. (*Ali*, 239 Ill. App. 3d at 848.) We are cognizant of the trial court's attention to economy of judicial resources and its understandable concern over the loss of two days from the docket. Rule 13, however, permits the trial court to deny the attorney's motion to withdraw if granting the motion would delay the trial of the case. If the trial court was not inclined to continue the trial, it simply should not have granted the motion to withdraw. Once the trial court granted the motion to withdraw, Rule 13 requires a continuance of at least 21 days after the order granting withdrawal so that the party can retain other counsel *or* enter her own supplementary appearance. The trial court erred in failing to give respondent 21 days after granting her attorney's motion to withdraw in which to find another attorney to represent her.

■ Although the trial court erred in denying respondent's motion to continue after allowing her attorney to withdraw, we conclude that the respondent has waived appeal of the error. The record establishes that an attorney entered his appearance for the respondent on the morning of the temporary hearing. Importantly, her attorney did not seek a continuance, but instead answered "ready" and proceeded with the hearing. Given respondent's attorney proceeded without asking for a continuance, and affirmatively indicated to the trial court that he was ready to proceed, we find that the respondent waived any error the trial court made in denying respondent's motion to continue. Proceeding to hearing without objection after denial of a motion for continuance is a waiver of error, if overruling the motion at the time it was made was an error. *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 260.

We also note that respondent's motion for reconsideration and

motion for new trial did not raise the denial of the continuance as error. Likewise, her notice of appeal did not raise the denial of the continuance as a basis of appeal. It is well settled that matters not raised in the motion to reconsider and the notice of appeal are waived on appeal. *Smock v. Hale* (1990), 197 Ill. App. 3d 732.

For the foregoing reasons, the order of the circuit court of Tazewell County is affirmed.

Affirmed.

BRESLIN, J., concurs.

JUSTICE SLATER, specially concurring:

I agree that the judgment of the trial court should be affirmed, but I disagree with the interpretation of Supreme Court Rule 13 as requiring a mandatory 21-day continuance upon withdrawal by a party's attorney. As Justice Doyle noted in *Ali v. Jones* (1993), 239 Ill. App. 3d 844, 850, 607 N.E.2d 655, 658 (Doyle, J., dissenting), "nothing in the language of Rule 13 or in the decisions cited in the majority opinion indicat[es] that the trial court should have been paralyzed in the conduct of its business" after allowing withdrawal.

In my opinion, the trial judge in this case clearly did not abuse his discretion in refusing to grant a continuance in view of respondent's apparent and repeated inability or unwillingness to find an attorney she deemed satisfactory. It is evident from the court's comments that it was not merely concerned with its calendar but also with the welfare of the minor child:

> "THE COURT: It's not in the interest of children to be placed in these limbo situations. This has been dragging on some time now and we've got dates set aside to hear this case—see? And the next date will be—we're probably looking at March and that's just too long to have this child in limbo between the two of you. We need to get this case resolved and it's my responsibility as a judge to see that these children—children's interests are protected as well as yours."

An abuse of discretion occurs only where no reasonable person would take the position adopted by the trial court. (*McKenzie Dredging Co. v. Deneen River Co.* (1993), 249 Ill. App. 3d 694, 619 N.E.2d 188.) Under the circumstances, I would find no abuse of discretion by the court in refusing to grant a continuance and I would affirm on that basis.