*In re* ROBERT S. *et al.,* Alleged to be Neglected Minors (The People of the State of Illinois, Petitioner-Appellee, v. Michelle Schultz, Respondent-Appellant).

Fourth District   No. 4—04—1032

———

Opinion filed May 13, 2005.

STEIGMANN, J., specially concurring.

Adele M. Saaf, of Bloomington, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On September 13, 2004, the State filed a petition to terminate the parental rights of respondent, Michelle Schultz, as to her children, Robert S. (born August 28, 2000) and S.S. (born January 7, 1992); and on October 26, 2004, the State filed an amendment to its petition. On November 5, 2004, appointed counsel filed a motion to withdraw as respondent's counsel. On November 12, 2004, the trial court granted counsel's motion and immediately proceeded to a hearing on the State's termination petition. The court found respondent unfit, and following a separate hearing that same day, the court found it was in the children's best interest that respondent's parental rights be terminated.

Respondent appeals, arguing that the trial court erred by granting

counsel's motion to withdraw and then immediately conducting a hearing on the State's termination petition. We reverse and remand for further proceedings.

On September 30, 2003, the State filed a petition for adjudication of wardship, alleging that Robert S. and S.S. were neglected minors due to respondent's unresolved issues of substance abuse, thus creating an environment injurious to their welfare. See 705 ILCS 405/2—3(1)(b) (West 2002). Respondent failed to appear at the November 18, 2003, adjudicatory hearing, and the trial court found her in default. The court adjudicated the children neglected minors. Respondent failed to appear at the December 12, 2003, dispositional hearing, and the trial court found her in default. The court adjudicated the children wards of the court and placed them in the custody and guardianship of the Illinois Department of Children and Family Services (DCFS).

Respondent appeared in court on February 5, 2004, and the trial court appointed counsel for her. Respondent appeared in court on April 6, 2004, and failed to appear on May 28, 2004. Respondent last appeared in court on August 31, 2004.

On September 13, 2004, the State filed a petition to terminate respondent's parental rights, alleging that she had failed to (1) make reasonable efforts to correct the conditions that were the basis for the children's removal (750 ILCS 50/1(D)(m)(i) (West 2002)) and (2) make reasonable progress toward the children's return within nine months of the adjudication of neglect (750 ILCS 50/1(D)(m)(ii) (West 2002)). On October 26, 2004, the State filed an amendment to its petition, alleging that respondent was unfit due to habitual drunkenness or addiction to drugs, other than those prescribed by a physician, for at least one year immediately prior to the commencement of the unfitness proceeding (750 ILCS 50/1(D)(k) (West 2002)).

On November 5, 2004, appointed counsel filed a motion to withdraw, alleging that respondent's "conduct renders it unreasonably difficult to carry out [appointed counsel's] employment effectively." In a notice to respondent, counsel advised that (1) he would appear in the trial court on November 12, 2004, "for the purpose of having a hearing on [the motion]," (2) respondent should secure other counsel or file with the clerk of the court her supplementary appearance within 21 days of an order allowing withdrawal, and (3) "the allowance of this [m]otion *** does not stay or continue any pending proceeding or matter in this case and that this is true notwithstanding the twenty-one day period you are given above to file your supplementary appearance in this case."

Respondent failed to appear on November 12, 2004. The trial court

noted that appointed counsel was ill but another public defender was present "for him." The court verified that appointed counsel sent the appropriate notice to respondent's last known address and granted appointed counsel's motion to withdraw. The court did not enter a written order. The court then conducted a hearing on the State's termination petition. The court found respondent in default. The State proceeded to a hearing on the termination petition. The trial court found respondent unfit, and following a separate hearing that same day, the court found it was in the children's best interest that respondent's parental rights be terminated. The same day, the court filed its form order terminating respondent's parental rights and appointing a guardian to consent to adoption. The order incorrectly stated that respondent "appeared in this cause, having been served pursuant to statute; she has *** been represented by counsel."

This appeal followed.

Respondent argues that the trial court erred by allowing counsel to withdraw and then immediately conducting a hearing on the State's termination petition. We agree.

■ Supreme Court Rule 13(c) (134 Ill. 2d R. 13(c)) states:

"(2) *Notice of Withdrawal.* An attorney may not withdraw his appearance for a party without leave of court and notice to all parties of record, and, unless another attorney is substituted, he must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw, by personal service, or by certified mail directed to the party represented by him at his last known business or residence address. Such notice shall advise said party that to insure notice of any action in said cause, he should retain other counsel therein or file with the clerk of the court, within 21 days after entry of the order of withdrawal, his supplementary appearance stating therein an address at which service of notices or other papers may be had upon him.

(3) *Motion to Withdraw.* *** The motion may be denied by the court if the granting of it would delay the trial of the case, or would otherwise be inequitable." 134 Ill. 2d Rs. 13(c)(2), (c)(3).

■ In the present case, the notice to respondent advised that she should secure other counsel or file with the clerk of the court her supplementary appearance within 21 days of an order allowing withdrawal. The notice also provided that "the allowance of this motion *** does not stay or continue any pending proceeding or matter in this case and that this is true notwithstanding the twenty-one day period you are given above to file your supplementary appearance in this case." Further notice provided hearings on the State's termination petition and counsel's motion to withdraw on November 12, 2004.

The trial court granted appointed counsel's motion to withdraw on November 12, 2004. "Rule 13 requires a continuance of at least 21 days after the order granting withdrawal so that the party can retain other counsel or enter her own supplementary appearance." (Emphasis omitted.) *In re Marriage of Miller*, 273 Ill. App. 3d 64, 69, 652 N.E.2d 396, 399 (1995). Although counsel advised respondent that she should secure other counsel or file her own appearance within 21 days of the order allowing withdrawal, the trial court immediately conducted a hearing on the State's termination petition. Further, contrary to the order terminating respondent's parental rights, respondent was not present on November 12, 2004, and was not represented by counsel. The trial court erred by granting counsel's motion to withdraw and then immediately conducting a hearing on the State's termination petition. See also *Ali v. Jones*, 239 Ill. App. 3d 844, 849, 607 N.E.2d 655, 658 (1993) ("given the 21-day transition period that Rule 13 contemplates for the continuation of representation, the trial court should have allowed the plaintiff's continuance"); *In re Marriage of Santa Cruz*, 179 Ill. App. 3d 611, 621, 534 N.E.2d 636, 642 (1989) (appellate court reversed the trial court's visitation order entered only two days after the client received notice of her attorney's intention to withdraw at the same proceeding, and client was not present and did not have legal representation).

Additionally, Rule 13(c)(4) (134 Ill. 2d R. 13(c)(4)) states: "If the party does not appear at the time the motion for withdrawal is granted, either in person or by substitute counsel, then, within three days of the entry of the order of withdrawal, a copy thereof shall be served upon the party by the withdrawing attorney in the manner provided in paragraph (c)(2) of this rule, and proof of service shall be made and filed." Nothing in the record before this court shows counsel complied with the requirements of Rule 13(c)(4).

Because the trial court erred by granting counsel's motion to withdraw and then immediately conducting a hearing on the State's termination petition, we need not address respondent's remaining arguments.

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

TURNER, J., concurs.

JUSTICE STEIGMANN, specially concurring:

This is an unfortunate case. It is always regrettable when this court reverses a termination of parental rights judgment based solely, as here, on technical deficiencies in the record. Although I concur with the majority opinion, I write separately to point out that the primary problem in this case could have been avoided.

The primary problem was the trial court's granting of respondent mother's appointed counsel's motion to withdraw. That motion speaks in conclusory language about how respondent mother "had engaged in conduct referred [to] in Rule 1.16(B)" of the Illinois Rules of Professional Conduct (134 Ill. 2d R. 1.16(b)(1)(D)), which in turn permit an attorney to withdraw his representation when (1) the client's conduct renders it unreasonably difficult for the attorney to carry out his employment effectively and (2) the lawyer provides notice pursuant to Supreme Court Rule 13 (134 Ill. 2d R. 13). Because of the significance of termination of parental rights proceedings, the law requires that all respondents be represented by counsel, unless that right is knowingly waived. When the court appoints counsel in such cases or in criminal cases, difficulties frequently arise. The party benefitting from the services of appointed counsel will often complain about those services, or, as here, the appointed counsel will complain about a lack of responsiveness by his or her client.

Experience teaches that with such troublesome clients, changing court-appointed counsel rarely improves anything. This case is an example. The record is bereft of any indication that—whatever problems respondent mother's court-appointed counsel was having— some other court-appointed counsel would not encounter the same problems or would be able to do any better.

The trial court should not have granted appointed counsel's motion to withdraw. Instead, the court should have continued that representation at least until respondent mother was present in court. At that time, the court could have (1) reminded her of the seriousness of the proceedings; (2) explained to her that her court-appointed lawyer would continue in that capacity; and (3) explained to her that if she continued to behave in a fashion adverse to that representation, her case would be adversely affected.

As an additional matter, this record presents concerns about the adequacy of service upon all the parties. That issue should be carefully addressed upon remand.