2017 IL App (1st) 170426

FIFTH DIVISION
Filing Date September 29, 2017

No. 1-17-0426

| | | |
|---|---|---|
| *In re* DAVION R., | ) | Appeal from the |
| | ) | Circuit Court of |
| a Minor | ) | Cook County. |
| | ) | |
| | ) | |
| | ) | |
| (People of the State of Illinois, | ) | No. 15 JA 420 |
| | ) | |
| Petitioner-Appellee, | ) | |
| v. | ) | |
| | ) | |
| Davon R., | ) | Honorable |
| | ) | John L. Huff, |
| Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE HALL delivered the judgment of the court, with opinion.
Justices Lampkin and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a dispositional hearing, minor Davion R. was adjudged to be a ward of the court and respondent, Davon R., the natural father of the child, was found to be unable only to parent him.[1] On appeal, respondent contends that (1) the circuit court erred in not appointing counsel after vacating the initial appointment of counsel prior to the adjudication and dispositional hearings and (2) the circuit court's findings were against the manifest weight of the evidence. For the reasons that follow, we reverse and remand.

---

[1]Respondent was given court-ordered custody of the minor on February 11, 2015. The minor's natural mother was added as a party to the proceedings at some point and was subsequently found to be unfit and unable to care for the minor.

¶ 2                                    I. BACKGROUND

¶ 3        On April 29, 2015, the State filed a Petition for Adjudication of Wardship, alleging that the minor, born July 13, 2013, was abused and neglected. The petition alleged that the minor had been taken into custody on April 27, 2015, after medical personnel observed him to be emaciated and malnourished. At a prior doctor's appointment on April 16, 2015, the doctor expressed concern about the minor's lack of weight gain and suggested hospitalization. Respondent became agitated and left with the minor against medical advice. The minor was located on April 22, 2015, and hospitalized. During the hospitalization, the minor was diagnosed with failure to thrive, non-organic, due to inadequate nutrition. At a temporary custody hearing held on April 29, 2015, the circuit court found probable cause that the minor was abused/neglected and an imminent/urgent necessity to remove him from the home.

¶ 4        The circuit court appointed Monica Torres as counsel for respondent on May 4, 2015, because he was indigent. The minor was initially placed in a relative foster home with respondent's cousin, but on June 29, 2015, the minor was moved to a traditional, non-relative foster home.

¶ 5        The record indicates that on July 6, 2016, respondent filed four motions, all of which were continued by the circuit court: (1) a motion to return home, (2) a motion for unsupervised day visits, (3) a motion to change caseworkers, and (4) a motion to return the child to relative foster care. There were several other status hearings, during which time respondent subsequently received unsupervised visitation of six hours each for three days per week, in addition to some supervised visitation. Although respondent was granted overnight visitation, it never occurred. Unfortunately, the minor still did not gain weight consistently,

and was hospitalized twice while in foster care. During court hearings, respondent appeared agitated and repeatedly questioned why the minor was not gaining weight while in foster care, since that was the reason for the child's removal from his care.

¶ 6 Appointed counsel filed a written motion to withdraw as respondent's counsel on September 29, 2015, citing respondent's failure to communicate since August 31, 2015. According to the motion, respondent was notified by a letter advising him that he had 21 days to find other counsel or enter a supplemental appearance. On November 10, 2015, counsel withdrew her motion and her representation of respondent continued.

¶ 7 During an evidentiary hearing on December 29, 2015, the circuit court allowed a recess for an attorney-only conference. At the conference, appointed counsel indicated to the court that respondent was upset about the GAL's motion to suspend his unsupervised visitation. Appointed counsel stated that she discussed the motion with respondent at length, even though he indicated during the hearing that he did not know about the motion. Appointed counsel further indicated that she had tried to withdraw from the case before and that respondent told her he did not want her to represent him.

¶ 8 The circuit court indicated that it was not in respondent's best interests to represent himself, and that it would not grant a motion to withdraw. The court further indicated that respondent was obviously distraught and had some personality issues that were "somewhat aggravating to people, and so you know, this is one of the reasons why I'm not going to allow you to withdraw because he needs a filter."

¶ 9 When the hearing resumed, respondent indicated that he did not want appointed counsel to represent him anymore and he wanted another attorney. The circuit court responded that the matter would be continued to another court date then, and respondent questioned that.

The court indicated that if respondent absolutely insisted on terminating appointed counsel, it would enter the order, but that it was not in respondent's best interests in the court's opinion.

¶ 10    Respondent indicated to the court that he felt he was being penalized for the minor's continued failure to thrive while under DCFS's care, and he only had 18 hours' per week visitation with the minor. Respondent again reiterated that he was not informed that the motion was to take away his unsupervised visits; he simply thought that the motion was to suspend overnight visits, which he did not currently have anyway. After more dialog, the court asked if respondent was going to let appointed counsel question the witness, and respondent stated "you're not going to continue with the court proceeding if I don't." The court then indicated that it would be willing to allow respondent to hire his own attorney.[2] Respondent indicated that appointed counsel could proceed, and the hearing continued. At the conclusion of the hearing, respondent's unsupervised visits were temporarily terminated and the matter was continued until January 29, 2016.

¶ 11    On January 29, 2016, during an attorney-only conference prior to the hearing, appointed counsel indicated that she had received several phone calls from respondent. During one call on January 4, 2016, respondent made an inappropriate threat, according to appointed counsel. Although it did not rise to the level of threatening her physical safety, appointed counsel wanted to make the court aware. Additionally, on January 11, 2016, respondent called appointed counsel inappropriate names. According to appointed counsel, respondent stated that she was not his attorney. However, when appointed counsel checked the file, no other attorney had filed an appearance.

---

[2]The record indicates throughout that respondent remained indigent.

¶ 12    When all parties were inside the courtroom and the hearing commenced, respondent stated that he did not know why appointed counsel was there because he fired her, that he did not have another attorney, and that he would do it himself. The court then admonished respondent about representing himself. Appointed counsel indicated that she had no objection to vacating her appointment and the circuit court subsequently vacated the appointment.[3] The hearing then commenced regarding a status on visitation, after which, the matter was continued to March 11, 2016, for a status on discovery.

¶ 13    Subsequently, an adjudication hearing was scheduled for June 23, 2016. At that time, respondent was still *pro se*. The circuit court offered the assistance of a bar attorney, and respondent declined. The adjudication hearing commenced and was continued until August 25, 2016. Respondent again appeared *pro se*. The circuit court again offered him a bar attorney, and he again declined. At a subsequent court date of October 20, 2016, where respondent again appeared *pro se*, the matter was set for a later date due to the attorney for the minor's natural mother being on medical leave. On January 4, 2017, respondent was not present due to incarceration, although he had been writ in from Cook County Jail.[4] The circuit court issued an order continuing the matter to another day when respondent could be present.

¶ 14    On January 13, 2017, respondent was not present and the courtroom deputy indicated that respondent refused to come. The dispositional hearing commenced in respondent's absence. At the close of the hearing, the circuit court found the minor to be a ward of the court and

---

[3]The record indicates that a written order, prepared by appointed counsel, was entered indicating that appointed counsel's representation was vacated on oral motion by appointed counsel.

[4]Lieutenant Martin testified under oath via telephone that respondent refused to board the bus to court because he did not want the other inmates to know of his personal business.

further found respondent unable only to parent him. Respondent's timely appeal of both the adjudication and dispositional hearings followed.

¶ 15                                                    II. ANALYSIS

¶ 16        On appeal, respondent contends that (1) the circuit court erred in not appointing counsel after vacating the initial appointment of counsel prior to the adjudication and dispositional hearings and (2) the circuit court's findings were against the manifest weight of the evidence.

¶ 17                                                    A. Timeliness

¶ 18        Before discussing the arguments respondent raises in his appeal, we address the timeliness of our decision. This is an accelerated appeal under Illinois Supreme Court Rule 311(a) (eff. Feb. 26, 2010). Pursuant to Rule 311(a)(5), we are required to issue our decision within 150 days after the filing of the notice of appeal, except for good cause shown. Respondent's notice of appeal was filed on February 23, 2017, making the deadline to issue our decision July 23, 2017. Respondent filed two motions for extension of time to file his opening brief, and the State subsequently filed a motion for an extension of time to file its brief. Accordingly, we revised the briefing schedule pursuant to those requests. Because this case was not ready for disposition until August 3, 2017, we find good cause for issuing our decision after the 150-day deadline.

¶ 19                                                    B. Waiver

¶ 20        As an initial matter, we address the State's contention that respondent's issue concerning the circuit court's vacatur of the appointment of counsel is waived because he failed to object at any time during or after the hearings and because he acquiesced in the court's conduct.

¶ 21        A review of the record does reveal that respondent has in fact raised this issue for the first time on appeal. However, it is well-settled that the rules of waiver and forfeiture are

limitations on the parties and not the courts. *In re Madison H.*, 215 Ill. 2d 364, 371 (2005); *In re Marriage of Sutton*, 136 Ill. 2d 441, 446 (1990); *In re Darius G.*, 406 Ill. App. 3d 727, 732 (2010). Our concern for reaching a just result may override considerations of waiver. *In re Timpone*, 208 Ill. 2d 371, 382 (2004).

¶ 22    There is no doubt that the right of a parent to control the upbringing of his or her children is a fundamental constitutional right. *In re D.W.*, 214 Ill. 2d 289, 310 (2005); see also *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 (1942). As such, under the circumstances presented by this case, where the well-being of a child and parental rights are at issue, we elect not to apply the rule of waiver and will consider the issue on its merits. *Madison H.*, 215 Ill. 2d at 371.

¶ 23                      C. Vacatur of Counsel's Appointment

¶ 24    Respondent first contends that the circuit court abused its discretion in vacating the appointment of his court-appointed counsel prior to the adjudication hearing. Specifically, respondent argues that (1) his court-appointed counsel improperly filed a motion to withdraw, which poisoned the relationship between him and counsel; (2) the circuit court erred in allowing him to proceed *pro se* because there was no valid reason to vacate the appointment; and (3) counsel's withdrawal had a material, adverse effect on respondent's interests—namely, the unchallenged introduction of Dr. Glick's testimony.

¶ 25    Although there is no constitutional right to counsel in proceedings pursuant to the Juvenile Court Act of 1987 (705 ILCS 405/1 *et. seq.* (West 2014)), a statutory right is granted under the Act. *In re Charles W.*, 2014 IL App (1st) 131281, ¶ 32. "When the Illinois legislature enacted the Juvenile Court Act of 1987, it provided that the parent of a minor who is the subject of proceedings under the Act will be provided with the assistance of court-

appointed counsel if the parent is financially unable to employ counsel." *In re Adoption of K.L.P.*, 198 Ill. 2d 448, 461 (2002); see also 705 ILCS 405/1-5 (West 2014). The statute provides that the appointed counsel must appear at all stages of the proceedings and the appointment shall continue through the permanency review hearings and termination of parental rights proceedings, "subject to withdrawal or substitution pursuant to Supreme Court Rules or the Code of Civil Procedure." 705 ILCS 405/1-5(1) (West 2014).

¶ 26    Illinois Supreme Court Rule 13 (eff. July 1, 2013) governs the withdrawal of attorneys. It specifies the procedures an attorney must follow before the trial court will grant his or her leave to withdraw an appearance for a party. Ill. S. Ct. R. 13(c) (eff. July 1, 2013). Counsel must, among other things, submit a written motion to withdraw and provide notice to the represented party by personal service or certified mail. Ill. S. Ct. R. 13(c)(2) (eff. July 1, 2013). The motion may be denied by the court if the granting of it would delay the trial of the case, or would otherwise be inequitable. Ill. S. Ct. R. 13(c)(3) (July 1, 2013).

¶ 27    Here, the record reveals that the circuit court appointed counsel for respondent on May 4, 2015. The record further reveals that appointed counsel first filed a written motion to withdraw as respondent's counsel on September 29, 2015. According to the motion, respondent was notified by letter which advised him that he had 21 days from the date of the withdrawal to find other counsel or enter a supplemental appearance. On November 10, 2015, counsel's motion was withdrawn and her representation of respondent continued.

¶ 28    However, during an attorney-only conference on December 29, 2015, appointed counsel indicated to the court that respondent was upset and reminded the court that she had previously tried to withdraw from the representation. The court indicated that it would not grant a request for withdrawal at that point. When the hearing resumed, respondent indicated

that he wished to have another attorney, but after being faced with a continuance, he relented to appointed counsel's continued representation.

¶ 29    At a subsequent attorney-only conference on January 29, 2016, appointed counsel indicated that respondent had called her several times and that he did not want her to represent him. According to appointed counsel, respondent told her that she was not his attorney. However, when appointed counsel checked the record, no other attorney had filed an appearance on counsel's behalf. Later, at the hearing, respondent questioned why appointed counsel was there and stated that he did not want her representation. He also stated that he did not have another attorney. Appointed counsel stated that she did not mind withdrawing from the case, and the trial court vacated its appointment of counsel in a written order prepared by appointed counsel. The written order stated that the appointment was vacated on the "oral motion" of counsel. The circuit court then continued with the hearing.

¶ 30    We find that this was error. The Act clearly states that counsel is to be provided through all stages of a child adjudication matter. Additionally, Rule 13 clearly requires a motion for the withdrawal of counsel to be in writing and served on the party. Further, " 'Rule 13 requires a continuance of at least 21 days after the order granting withdrawal so that the party can retain other counsel or enter [his or] her own supplementary appearance.' " *In re Robert S.*, 357 Ill. App. 3d 214, 218 (2005) (quoting *In re Marriage of Miller*, 273 Ill. App. 3d 64, 69 (1995)). Here, counsel alluded to her previously filed and withdrawn written motion to withdraw at an attorney conference a month prior to the date the appointment was vacated, but at no time did she file another written motion to withdraw, even after she checked the record and found there was no other counsel of record. That is the minimum requirement of Rule 13. *In re J.P.*, 316 Ill. App. 3d 652, 660 (2000).

¶ 31    Indeed, the written order, which appointed counsel prepared, indicated that the withdrawal was granted on her oral motion. The trial court then immediately continued with the hearing, even though respondent stated that he did not have another attorney. At no point was respondent told that he had 21 days to secure other counsel nor was there any other appointed counsel offered to him when the record clearly indicated that he was indigent throughout the proceedings. Additionally, the hearing was not continued to allow for the appointment of other counsel or to allow respondent time to secure other counsel. The trial court erred by granting counsel's oral motion to withdraw and then immediately continuing the evidentiary hearing, when there is no indication in the record that any of the requirements of Rule 13 were met. See *Robert S.*, 357 Ill. App. 3d at 218; *J.P.*, 316 Ill. App. 3d at 660.

¶ 32    This is not a situation like that presented in *In re Travarius O.*, 343 Ill. App. 3d 844, 852 (2003), where the trial court appointed counsel on three different occasions, and respondent was dissatisfied with each of them. Nor is it the situation presented in *In re S.W.*, 2015 IL App (3d) 140981, ¶ 32, where the court held an unfitness hearing after appointing four different attorneys to represent respondent. The circuit court continued the hearing twice to allow the fourth court-appointed counsel time to prepare for the hearing, before finally conducting the hearing after respondent fired counsel and requested a 90-day continuance to secure private counsel. *S.W.*, 2015 IL App (3d) 140981, ¶ 32.[5]

¶ 33    Here, there was but one court-appointed attorney, and despite their differences, when respondent requested that another attorney be appointed for him on December 29, 2015, the circuit court let the then-current representation continue. Although the record does show that

---

[5]Although the court in *S.W.* ultimately concluded that Rule 13 did not apply because respondent fired the fourth court-appointed counsel and requested a continuance to secure other counsel, we distinguish the case at bar on the facts presented—namely, that the court entered an order vacating appointed counsel's appointment on counsel's oral motion.

the circuit court eventually offered respondent the services of court-appointed counsel at subsequent hearing dates after counsel's withdrawal, this does not remedy the error in allowing counsel to withdraw on an oral motion on January 29, 2016, without giving respondent time to secure other counsel.

¶ 34      Because the trial court erred by granting counsel's oral motion to withdraw and then immediately continuing with the proceedings, we need not address respondent's remaining argument.

¶ 35                                   III. CONCLUSION

¶ 36      For the foregoing reasons, we reverse the circuit court's judgment and remand for further proceedings consistent with this opinion.

¶ 37      Reversed and remanded.