**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 210030-U

Order filed November 30, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JAMARR LEE, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0030 |
| | ) | Circuit No. 20-F-152 |
| JUDEA ANDERSON, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Cory Lund, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justice Lytton concurred in the judgment.
Justice Wright dissented.

**ORDER**

¶ 1    *Held*:   The appellant failed to present an adequate record on appeal; accordingly, the circuit court's judgment is affirmed.

¶ 2    The petitioner, Jamarr Lee, filed a petition seeking, *inter alia*, an allocation to him of the majority of the parenting time with the son he had with the respondent, Judea Anderson. After a hearing, the circuit court granted Lee's petition, which included granting Lee's request to have the minor's last name changed to reflect his paternity. Anderson appealed. We affirm.

¶ 3                                    I.  BACKGROUND

¶ 4            On March 2, 2020, Lee filed a petition seeking, *inter alia*, to be allocated the majority of the parenting time with the minor.  The petition was set for a hearing on November 17, 2020. Four days prior to the hearing, counsel for Anderson filed a motion for leave to withdraw, citing irreconcilable differences in the attorney-client relationship.  At the beginning of the hearing, counsel for Anderson was allowed to withdraw, and she proceeded at the hearing without counsel.  No transcript from the hearing has been included in the record on appeal nor has a bystanders report been submitted.  The circuit court issued its decision on December 22, 2020, which granted both the petition's request for the majority of the parenting time with the minor and the request to have the minor's last name changed.  No factual findings or other specifics were included in the court's written order.

¶ 5            Anderson appealed.

¶ 6                                    II.  ANALYSIS

¶ 7            On appeal, Anderson solely argues that the circuit court erred when it allocated the majority of the parenting time with the minor to Lee and allowed the minor's last name to be changed.

¶ 8            Initially, we note that Lee has not submitted an appellee's brief.  However, this court can address the merits of an appeal in which no appellee's brief has been filed "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief[.]" *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).  We will address the merits of this appeal.

¶ 9            Anderson has not included a report of proceedings from the critical hearing that took place on November 17, 2020.  A report of proceedings is required on appeal by Illinois Supreme

Court Rule 321 (eff. Feb. 1, 1994). "It is appellant's duty to present a complete record on appeal so that the reviewing court is fully informed regarding issues to be resolved. [Citations.] Absent an adequate record on appeal, it is presumed that the trial court's judgment conforms to the law and has a sufficient factual basis." *Davis v. Allstate Insurance Co.*, 147 Ill. App. 3d 581, 584-85 (1986). Without the report of proceedings from the November 17, 2020, hearing, it is impossible for this court to review the circuit court's factual findings and legal rulings, and we must assume that the court's findings and rulings were correct. *Id.*

¶ 10       We note that the dissent claims that "the record on appeal is more than sufficient to establish the existence of *prima facie* reversible error under *Talandis*." *Infra* ¶ 19. The dissent alleges that the circuit court did not honor the 21-day transition period required by Supreme Court Rule 13 (eff. July 1, 2017) after an attorney is allowed to withdraw. *Infra* ¶ 21.

¶ 11       First, we note that Anderson has not argued that it was error for the circuit court to hold the November 17, 2020, hearing without allowing a 21-day transition period. It is not the role of this court to "scour the record to develop arguments for a party." *New v. Pace Suburban Bus Service*, 398 Ill. App. 3d 371, 384 (2010). Moreover, our supreme court has held that *pro se* litigants like Anderson are not entitled to a more lenient standard than represented parties. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). It is therefore inappropriate for this court to make any argument for a party; for this reason alone, the dissent's position is incorrect.

¶ 12       Second, it is unclear from the record exactly what transpired regarding the withdrawal of counsel for Anderson. We know that counsel for Anderson filed a motion to withdraw just days before the November 17, 2020, hearing. We also know that the circuit court's docket entries state that the motion was granted. However, Anderson's brief on appeal raises questions regarding what happened. She states:

3

"The next court date (July 13, 2020) Anderson retained a

Lawyer solely to get her son back. The Lawyer did not do

diligence in representing her, he was on the case for 5 months and

during court proceedings he never showed the evidence Anderson

presented to him regarding this allegation of Family Violence. ***

The Order of Protection case ended up mixed with the

Family case and therefore *Anderson let the Lawyer go to proceed*

*representing herself.*" (Emphasis added.)

¶ 13    While the dissent cites to the report of proceedings from December 22, 2020, in which

the circuit court stated that he made Anderson "go to a hearing when her attorney had just

withdrawn," we note that the report of proceedings from that date also reflects that counsel for

Lee stated, "prior to the [November 17, 2020] hearing [counsel for Anderson] was given leave to

withdraw by the Court. Ms. Anderson wished to proceed in this matter at that time, and we did

have a hearing on it." The record renders it unclear as to whether counsel for Anderson was

discharged and whether Anderson elected to proceed *pro se* at the hearing. These details are

vitally important and are ignored by the dissent.

"[C]ourts have held that the spirit of Rule 13 requires that a party

be given a 21-day transition period following the withdrawal of

their attorney to obtain new counsel or file their own

supplementary appearance and that the trial court take no action

during that period that might prejudice the party's rights.

[Citation.] *Not all failures to allow for such a 21-day transition*

4

*period constitute reversible error, however.*" (Emphasis added.)

*In re Marriage of Pavlovich*, 2019 IL App (1st) 172859, ¶ 19.

The *Marriage of Pavlovich* court continued:

"In determining whether such a failure constitutes a reversible error, courts have considered the particular facts and circumstances surrounding the particular motion to withdraw including whether the party fired the attorney, when the motion to withdraw was filed in relation to upcoming proceedings, whether the party claims they were prejudiced by actions taken within 21 days of the withdrawal, whether the party appeared at the hearing that resulted in the order challenged on appeal, how soon after granting the withdrawal the trial court took allegedly prejudicial action, whether subsequently retained counsel appeared and was ready to proceed at proceedings within 21 days, and whether the party had notice of the intent to withdraw and/or the order granting withdrawal." *Id.*

The *Marriage of Pavlovich* court also cited to cases in which the failure to comply with Rule 13's 21-day transition period did not constitute reversible error, including *K&K Iron Works, Inc. v. Marc Realty, LLC*, 2014 IL App (1st) 133688, ¶ 41 (holding that no reversible error occurred regarding the lack of a 21-day transition period when the party fired counsel on the morning of the hearing), and *In re Marriage of Ehgartner-Shachter*, 366 Ill. App. 3d 278, 289 (2006) (holding that no reversible error occurred regarding the lack of a 21-day transition period when the party did not argue that the circuit court's actions taken within 21 days were prejudicial).

5

¶ 14        In this case, questions remain unanswered as to the manner in which counsel for

Anderson was allowed to withdraw, including whether counsel was fired and whether Anderson

chose to proceed *pro se* at the November 17, 2020, hearing. Those questions cannot be answered

absent the report of proceedings from that date. Additionally, we again emphasize that Anderson

has never argued that she was forced to proceed *pro se* at the November 17, 2020, hearing

against her will in violation of Rule 13. We will not raise that argument for Anderson nor

speculate on its merits, as the dissent suggests we do. This case must be affirmed for a lack of an

adequate record. See *Davis*, 147 Ill. App. 3d at 584-85.

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of Will County is affirmed.

¶ 17        Affirmed.

¶ 18        JUSTICE WRIGHT, dissenting:

¶ 19        I respectfully dissent. I submit that the record on appeal is more than sufficient to

establish the existence of *prima facie* reversible error under *Talandis*.[1] See *Talandis*, 63 Ill. 2d at

133; see also *Steiner Electric Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 76. Therefore, a

summary order that reverses, rather than affirms, the circuit court is in order.

¶ 20                              A. Illinois Supreme Court Rule 13

¶ 21        Illinois Supreme Court Rule 13 (eff. July 1, 2017) governs the process for a withdrawal

of counsel in the circuit court. In the past, our court has weighed in on "the letter and spirit of"

Rule 13 by unequivocally stating, Rule 13 requires "a 21-day transition period *** following the

---

[1]In this context, "*prima facie*" means "at first sight, on the first appearance; on the face of it[;] so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary." *People v. Kavanaugh*, 2016 IL App (3d) 150806, ¶ 24 (quoting *Talandis*, 63 Ill. 2d at 132).

allowance of an attorney's withdrawal." *In re Marriage of Miller*, 273 Ill. App. 3d 64, 69 (1995); accord *In re S.P.*, 2019 IL App (3d) 180476, ¶ 42. Other districts of our appellate court have consistently followed the same approach. See *Interest of Davion R.*, 2019 IL App (1st) 170426, ¶¶ 64, 70; *In re Robert S.*, 357 Ill. App. 3d 214, 218 (2005); *Ehgartner-Shachter*, 366 Ill. App. 3d at 289. Yet, the contents of the record on appeal clearly document that the circuit court did not strictly honor the "21-day transition period." See *Miller*, 273 Ill. App. 3d at 69.

¶ 22        Instead, the common law record demonstrates that the circuit court allowed appellant's (mother's) attorney to withdraw on November 17, 2020, immediately before the pivotal evidentiary hearing began on that same date. Therefore, the missing transcript from November 17, 2020, which causes the majority to summarily affirm the circuit court, pertains to an evidentiary hearing that, in my view, should have never taken place on that date. As such, I believe no significance should be attached to the missing transcript. Simply stated, the *prima facie* reversible error, evidenced by this record, occurred before the first witness took the stand on November 17, 2020.

¶ 23        In addition, a transcript from a motion hearing, which took place a few weeks later, on December 22, 2020, contains the following statement from the circuit court: "I'm going [to] interpret the motion of [mother] called 'Entering Evidence' as, I guess, being, one, a motion to reopen the evidence or, two, something about maybe being prejudice[d] *because I made her go to hearing when her attorney had just withdrawn*." (Emphasis added.) The circuit court subsequently denied mother's motion to enter evidence. In my view, the trial court's statement can only be construed as proof that mother was compelled or "made" to participate in the November 17, 2020, hearing, without the benefit of counsel and in contravention of Rule 13's mandates.

7

¶ 24    Under these circumstances, a *Talandis* option expressly permits this court to correct a glaring procedural oversight by the circuit court. See *Talandis*, 63 Ill. 2d at 133; *Steiner*, 2016 IL App (1st) 132023, ¶ 76. Indeed, a circuit court's failure to honor the "21-day transition period," mandated by Rule 13, has been found to constitute "a prima facie case of reversible error" under *Talandis*. See *In re Marriage of Santa Cruz*, 179 Ill. App. 3d 611, 621-22 (1989); *Miller*, 273 Ill. App. 3d at 69; *Talandis*, 63 Ill. 2d at 133. I submit, when a record on appeal contains prima facie reversible error, as is the case here, we cannot ignore the injustice.

¶ 25    Since the common law record reveals the circuit court conducted the November 17, 2020, hearing on the same day the circuit court granted mother's attorney's motion to withdraw, I conclude *prima facie* reversible error is present in the record. Importantly, if a "21-day transition period" would have improperly delayed the November 17, 2020, hearing, or would have otherwise been "inequitable" under Rule 13(c)(3), the circuit court could have denied mother's attorney's motion to withdraw. See *Ali v. Jones*, 239 Ill. App. 3d 844, 849 (1993); *Miller*, 273 Ill. App. 3d at 69; Ill. S. Ct. R. 13(c)(3). In an appeal involving issues as critical as parenting time and primary custodianship, ignoring a procedural error of this magnitude would be contrary to our supreme court's policy of supporting the judicial facilitation of access to justice for *pro se* litigants.

¶ 26    Nothing in this dissent is intended to foreshadow the proper outcome of an evidentiary hearing, after compliance with Rule 13, on remand. It is simply impossible for this court to opine on the best interests of this child, where, on this issue, the record is devoid of evidence presented by mother and lacks specific findings of fact from the circuit court. For the reasons stated above, and in the interest of maintaining a uniform body of law regarding the application of Rule 13, I

would reverse the judgment of the circuit court and remand the matter for a new evidentiary hearing, before a new judge, after strict compliance with Rule 13.

¶ 27                        B. Missing Transcript from November 17, 2020

¶ 28        In fairness to mother, I must observe that the record on appeal, which includes a supplemental common law record, is quite extensive. Approximately ten transcripts of various hearings, including of routine status hearings, were prepared pursuant to mother's written request. Mother, acting *pro se*, completed and then submitted a preprinted form, requesting the production of "all Reports of Proceedings" for our court's review. However, in spite of her request, the transcript from the pivotal November 17, 2020, hearing is missing or nonexistent.

¶ 29        Therefore, while I agree with the observation of my respected colleagues that it is unclear why this transcript was not included in the record on appeal, I reject the notion that mother is wholly responsible for its absence. Respectfully, I submit that the absence of the transcript may be the result of circumstances far beyond mother's control, such as the failure of electronic recording equipment on the date of the hearing. Such technical difficulties are not uncommon and have been experienced in our court on rare occasions. Thus, I am uncertain about which additional steps mother could have taken to successfully obtain a copy of the missing transcript.

¶ 30        For the foregoing reasons, I respectfully dissent.